## Ex Parte Córdova.

Apelación procedente de la Corte de Distrito de San Juan.

No. 90.—Resuelto en Junio 1, 1904.

Dominio—Nulidad del Procedimiento.—Si en una información de dominio la
práctica de la prueba hubiera tenido lugar después de sesenta días de pu-
blicado el primer edicto, y solamente se hubieran publicado dos, y ésto sin man-
dato del Tribunal, el procedimiento es nulo y no puede dar lugar á la de-
claratoria de dominio que se interese.

Id.—Los propietarios que tuvieren escritura pública creditiva del dominio de una
finca á su favor, no pueden acogerse al procedimiento ó información de do-
minio para corregir en ellas los defectos que sus títulos contengan, los que
deben subsanarse por los medios que la Ley Hipotecaria determina.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San
Juan á instancia de Don Ramón Córdova Diaz, sobre acredi-
tar el dominio de un solar sito en el barrio de Cataño del tér-
mino Municipal de Bayamón pendientes ante Nos á virtud del
recurso de apelación interpuesto por la representación del
promovente, contra la sentencia dictada por el referido Tri-
bunal, la que copiada á la letra dice así:

"San Juan, Puerto Rico, treinta de Julio de mil novecientos tres.

*Resultando*: que Don Ramón Córdova Diaz solicitó de este Tribunal se declarara á su favor el dominio de una parcela de terreno ubicado en el barrio de Cataño de Bayamón, exponiendo que hubo la finca ameritada por compra á Don Juan R. Ramos Velez, y éste á su vez por el mismo título de Da. Dolores Taforó, Doña María de la Cruz Taforó y Don Pedro Pastor según escrituras de 15 de Enero de 1902 y 28 de Marzo de 1893 que se acompañaron, ofreciendo información de testigos para acreditar su derecho.

*Resultando*: que con citación del Ministerio Fiscal y de Don Juan R. Ramos, como anterior poseedor de la parcela en cuestión, se ordenó la práctica de las pruebas propuestas, publicándose dos edictos en el periódico "El País" de San Juan, ediciones de 17 y 18 de Octubre de 1902, citando las personas ignoradas y á todos los que se creyeran con derecho alguno sobre la finca para que en el término de sesenta días naturales se opusieran al expediente, edictos no ordenados por ninguna providencia del Tribunal, no constando tampoco que se fijaran al público en esta Corte, en el sitio de costumbre.

*Resultando*: que se unieron á los autos tres escrituras sin que conste la fecha en que se unieron, ni providencia decretando su unión, ni escrito presentándola: una de ellas de promesa de venta otorgada en 14 de Enero de 1851, por Doña Ana María Dávila á favor de la Sociedad "Vapor de Cataño," y declararon los testigos Raimundo Rodriguez y Pedro Colón en 5 de Febrero, el primero, en seis de Marzo el último, constarles los hechos consignados en el escrito de promoción y que el promovente ha poseído quieta y pacíficamente el inmueble objeto de este expediente, desde que lo adquirió.

*Considerando*: que el hecho de haberse practicado las pruebas extemporaneamente, esto es, después de sesenta días de publicado el primer edicto, y el haberse publicado dos solamente y sin mandato del Tribunal, vicia de tal modo el procedimiento, que impide obtener legalmente la declaratoria de dominio interesada.

*Considerando*: de otra parte, que según se deduce de las escrituras presentadas con el escrito inicial del expediente y de las unidas posteriormente á los autos, existe titulación escrita de la parcela en cuestión, que arranca de la escritura de promesa de venta otorgada en el año 1851, (14 de Enero) por Doña Ana María Dávila á favor de la Sociedad "Vapor de Cataño," cuya inscripción fué suspendida por el Registrador de la Propiedad de San Juan en 30 de Marzo de 1892, por motivos que no se expresan; pero que en todo caso han debido ser defectos subsanables, por no denegarse la inscripción, defectos que deben subsanarse por los medios que la Ley Hipotecaria determina y

no al amparo de una información de dominio establecida para otros casos.

Vistos los artículos........de la Ley Hipotecaria. No ha lugar á declarar el dominio que se interesa. Lo acordó y firma el Tribunal: certifico.—Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Mendez Vas.''

*Resultando* que contra esta sentencia interpuso apelación la representación del promovente, y que admitida libremente y en ambos efectos, se elevaron los autos á esta Superioridad con citación y emplazamiento de las partes, y personado el apelante y sustanciado en forma el recurso, se señaló día para la vista á cuyo acto asistieron el abogado defensor de la parte apelante y el Sr. Fiscal de este Tribunal Supremo.

Abogado del apelante: *Sr. Ginorio (Emigdio S.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

Visto el artículo 395 de la Ley Hipotecaria vigente.

*Fallamos*: que debemos confirmar y confirmamos la sentencia expresada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.